**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF OKLAHOMA**

| | |
|---|---|
| **ADAM HOLLEY;**<br>**CRYSTAL HOLLEY,**<br><br>**Plaintiffs,**<br><br>**v.**<br><br>**STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY,**<br><br>**Defendant.** | **Case No. 26-CV-00246-SEH-SH** |

## OPINION AND ORDER

Before the Court is Defendant State Farm Mutual Automobile Insurance Company's ("State Farm") motion to dismiss. [ECF No. 30]. State Farm argues that pro se Plaintiffs Adam and Crystal Holley fail to state a claim for which relief can be granted. The Court agrees. For the reasons set forth below, State Farm's motion to dismiss [ECF No. 30] is granted.

## I. Background

The Court derives the background facts from the allegations in the third amended complaint[1] [ECF No. 29] and assumes they are true for purposes of determining State Farm's motion to dismiss.

---

[1] Although the Plaintiffs filed the complaint as the "third amended complaint," it is actually the second. They filed a complaint in Tulsa County District Court and

Between 2019 and 2024, Plaintiffs filed at least four car accident claims with their insurer, State Farm. [*Id.* at 2]. State Farm found other drivers at fault for accidents occurring in 2019 and 2020, and Adam Holley at fault for a 2023 accident.[2] [*Id.* at 29–30]. Plaintiffs provide no facts about the 2024 accident aside from its date.

Plaintiffs allege that State Farm did not adequately investigate these claims. [*Id.* at 2]. Specifically, they allege State Farm refused to accept dash-camera evidence they attempted to provide for each accident. [*Id.* at 3]. They further allege State Farm offered to settle the 2019 claim for less than the related medical expenses and below the policy limit. [*Id.* at 5].

The other allegations center on State Farm's reporting to a third-party claim database called LexisNexis C.L.U.E. Auto. [*Id.* at 3–4, 6–11]. Plaintiffs allege that State Farm either omitted or incorrectly reported its fault determinations to the database. [*Id.* at 3–4, 10–11]. They allege that this conduct amounted to State Farm knowingly reporting incomplete and

---

amended it once. [ECF Nos. 2-4, 2-1]. State Farm moved to "strike and dismiss" the amended complaint, referring to it as the "Amended Second Complaint." [ECF No. 13]. The Court granted the motion, in part, by dismissing the amended complaint without prejudice and granting the Plaintiffs leave to amend. [ECF No. 28]. Plaintiffs then filed a complaint titled "Third Amended Complaint." [ECF No. 29]. This is the operative complaint. Although not technically correct, to avoid confusion, the Court will refer to this complaint as the "third amended complaint."

[2] State Farm included its fault determinations in its letter to the Oklahoma Insurance Department, which Plaintiffs included with their complaint. [ECF No. 29 at 29–30].

"materially misleading" information. [*Id.* at 4]. Based on State Farm's reporting, Plaintiffs allege that other insurers viewed their claim history negatively. [*Id.* at 4, 8–11].

In October 2025, Plaintiffs sued State Farm in Tulsa County District Court, asserting bad faith, anti-trust, unjust enrichment, and economic duress claims. [ECF No. 2-4]. They amended their complaint, and State Farm timely removed the action to this Court. [ECF Nos. 2, 2-1]. State Farm moved to strike and dismiss the amended complaint, arguing that it failed to provide a "short and plain statement of the claim," as required under Fed. R. Civ. P. 8(a). [ECF No. 13 at 1]. The Court dismissed the complaint without prejudice and allowed Plaintiffs to amend. [ECF No. 28].

Plaintiffs again amended their complaint and now assert six claims against State Farm: (1) breach of contract; (2) bad faith; (3) fraudulent misrepresentation; (4) Fair Credit Reporting Act violations; (5) unjust enrichment; and (6) declaratory judgment. [ECF No. 29]. State Farm seeks dismissal of all claims under Fed. R. Civ. P. 12(b)(6) for failure to state a claim upon which relief can be granted. [ECF No. 30].

**II. Discussion**

To survive a motion to dismiss under Fed. R. Civ. P. 12(b)(6), "a plaintiff must plead sufficient factual allegations 'to state a claim to relief that is plausible on its face.'" *Brokers' Choice of Am., Inc. v. NBC Universal, Inc.*, 861

F.3d 1081, 1104 (10th Cir. 2017) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "There is a low bar for surviving a Rule 12(b)(6) motion to dismiss," and a case "may proceed even if it strikes a savvy judge that actual proof of those facts is improbable, and that a recovery is very remote and unlikely." *Griffith v. El Paso Cnty., Colo.*, 129 F.4th 790, 815 (10th Cir. 2025) (cleaned up).

Although the facts alleged in the operative pleading are viewed in the light most favorable to the non-moving party, "[f]actual allegations must be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555. "In other words, dismissal under Rule 12(b)(6) is appropriate if the complaint alone is legally insufficient to state a claim." *Brokers' Choice*, 861 F.3d at 1104–05.

Courts "need accept as true only the plaintiff's well-pleaded factual contentions, not his conclusory allegations." *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). "[C]onclusory allegations without supporting factual averments are insufficient to state a claim on which relief can be based." *Id.*

***A. Breach of Contract***

State Farm argues Plaintiffs fail to plead that it breached the insurance policy or that any breach resulted in damages. [ECF No. 30 at 2–6]. In response, Plaintiffs recount the allegations in the third amended complaint, contending that they are sufficient to state a claim. [ECF No. 32 at 6–8].

Although the Court construes Plaintiffs' complaint liberally, this "does not relieve [them] of the burden of alleging sufficient facts on which a recognized legal claim could be based." *Hall*, 935 F.2d at 1110. "[A] pro se plaintiff requires no special legal training to recount the facts surrounding his alleged injury." *Id.*

Although a motion to dismiss under 12(b)(6) does not require a plaintiff to establish a prima facie case in the complaint, reviewing the elements of the alleged cause of action can help determine whether a plaintiff pleaded a plausible claim. *See Khalik v. United Air Lines*, 671 F.3d 1188, 1192 (10th Cir. 2012) (considering the elements of a cause of action when assessing the pleading's sufficiency for a 12(b)(6) motion). "When, as here, a federal court is exercising diversity jurisdiction, it must apply the substantive law of the forum state." *Dyno Nobel v. Steadfast Ins. Co.*, 85 F.4th 1018, 1025 (10th Cir. 2023). In Oklahoma, a breach of contract claim requires a plaintiff to show: "(1) formation of a contract; (2) breach of the contract; and (3) damages as a direct result of the breach." *Feldman v. MCZ Dev. Corp.*, No. 12-cv-431-GKF, 2013 WL 12131596, at *5 (N.D. Okla. Feb. 4, 2013) (quoting *Digital Design Group, Inc. v. Info. Builders*, Inc., 24 P.3d 834, 843 (Okla. 2001)).

Here, Plaintiffs sufficiently plead that they formed an insurance contract with State Farm. [ECF No. 29 at 2; ECF No. 30 at 3]. However, they fail to

sufficiently allege that State Farm breached that contract or that damages directly resulted from the breach.

Plaintiffs first allege that State Farm "breached the policy by failing to provide the defense, protection, investigation, claim-handling, settlement, or coverage benefits owed under the policy." [ECF No. 29 at 4–5]. This is a conclusory allegation that the Court need not accept as true when analyzing the sufficiency of the complaint. *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).

The remaining factual allegations are insufficient to support their breach of contract claim. Plaintiffs allege that State Farm (1) failed to reasonably investigate their claims by not reviewing evidence they provided; (2) initially offered to settle one of their claims for an amount below their documented medical expenses and policy limit; and (3) failed to correct or accurately report fault. [ECF No. 29 at 5]. However, Plaintiffs do not explain how that conduct breached the insurance policy. The third amended complaint contains no reference to a contractual duty that State Farm allegedly breached. For example, Plaintiffs do not identify a policy provision State Farm breached through offering to settle the claim, nor do they identify a provision related to State Farm's duty to accurately report fault to a third party. Without identifying facts supporting an alleged breach, Plaintiffs have not sufficiently pleaded a breach of contract claim.

Similarly, Plaintiffs fail to allege sufficient facts showing "damages as a direct result of the breach." *Feldman*, 2013 WL 12131596, at *5. They allege that "Defendant's breaches caused [them] to incur damages, including financial loss, legal related expenses, increased insurance costs, and loss of policy benefits." [ECF No. 29 at 6]. However, Plaintiffs do not provide any facts showing how these damages resulted from the alleged breach.

For these reasons, Plaintiffs fail to state a breach of contract claim upon which relief can be granted.

***B. Bad Faith***

State Farm also moves to dismiss Plaintiffs' bad faith claim. [ECF No. 30 at 7–8]. In response, Plaintiffs argue that alleging State Farm failed to properly investigate their claims is sufficient. [ECF No. 32 at 7–8].

Under Oklahoma law, "the essence of" a bad faith claim is "the insurer's unreasonable, bad-faith conduct, including the unjustified withholding of payment due under a policy." *Dewberry v. Travelers Pers. Ins. Co.*, No. CIV-24-172-R, 2024 WL 1641959, at *2 (W.D. Okla. April 16, 2024) (citing *McCorkle v. Great Atl. Ins. Co.*, 637 P.2d 583, 587 (Okla. 1981)). "In order to succeed on a claim for bad faith, a plaintiff must be able to prove four elements: (1) he was covered by the insurance policy and was entitled to recover; (2) the insurer's actions were unreasonable; (3) the insurer failed to deal fairly and act in good faith when handling the claim; and (4) the breach

of the duty of good faith and fair dealing was the direct cause of plaintiff's injury." *Roemer v. State Farm Fire & Cas. Co.*, No. 06-CV-0663-CVE-PJC, 2007 WL 527863, at *4 (N.D. Okla. Feb. 14, 2007) (citing *Badillo v. Mid Century Ins. Co.,* 121 P.3d 1080, 1093 (Okla. 2005)). As discussed, Plaintiffs do not need to prove these elements to survive a motion to dismiss. When considering a motion to dismiss, the Court may consider whether plaintiffs provided sufficient factual allegations for each element. *See Khalik*, 671 F.3d at 1192.

As an initial matter, the allegations related to State Farm's reporting cannot form the basis of a bad faith claim. Plaintiffs fail to point to any contractual or legal duty requiring State Farm to report fault information to LexisNexis C.L.U.E. at all, let alone to report it accurately or completely. So, the Court infers that Plaintiffs base their bad faith claim on State Farm's alleged inadequate investigation of their claims.

Insurers have a duty "to timely and properly investigate an insurance claim." *Shotts v. GEICO General Ins. Co.*, 943 F.3d 1304, 1316 (10th Cir. 2019) (quoting *Brown v. Patel*, 157 P.3d 117, 222 (Okla. 2007)). This duty requires that "[t]he insurer must conduct an investigation reasonably appropriate under the circumstances." *Id.* (quoting *Buzzard v. Farmers Ins. Co.*, 824 P.2d 1105, 1109 (Okla. 1991)). However, "an insurer's investigation need only be reasonable, not perfect." *Id.* at 1317 (quoting *Roberts v. State*

*Farm Mut. Auto. Ins. Co.*, 61 F. App'x 587, 592 (10th Cir. 2003)). Therefore, "'when a bad faith claim is premised on inadequate investigation, the [claimant] must make a showing that material facts were overlooked or that a more thorough investigation would have produced relevant information' that would have delegitimized the insurer's dispute of the claim." *Id.* (citing *Bannister v. State Farm Mut. Auto. Ins. Co.*, 692 F.3d 1117, 1128 (10th Cir. 2012)). Meaning, "evidence of an inadequate investigation must suggest a sham defense or an intentional disregard of uncontrovertible facts." *Bannister*, 692 F.3d at 1128 (quoting *Timberlake Const. Co. v. U.S. Fidelity and Guar. Co.*, 71 F.3d 335, 345 (10th Cir. 1995)).

Plaintiffs' conclusory statements do not support their claim. They assert that State Farm "denied [them] the full benefit of the insurance relationship" and "knew or should have known" that Plaintiffs were not at fault or that fault was disputed. [ECF No. 29 at 3, 7]. But these are conclusory statements without factual support. As such, these statements are not entitled to the assumption of truth. *Hall*, 935 F.2d at 1110.

Plaintiffs further allege that State Farm inadequately investigated their claims by failing to review certain evidence (police reports, dash-camera video, claim records, vehicle-impact information, roadway-condition information, and communications concerning fault or non-liability). [ECF No. 29 at 5–7]. Assuming this is true, Plaintiffs present no facts about this

evidence or how it relates to State Farm's investigation and fault determination.

A plaintiff can survive a motion to dismiss when they have "identified and described the specific actions taken by the insurer that form the basis of their bad faith claim." *Dewberry v. Travelers Pers. Ins. Co.*, No. CIV-24-172-R, 2024 WL 1641959, at *2 (W.D. Okla. April 16, 2024). For example, in *Dewberry*, the district court found a complaint's allegation "minimally sufficient" when plaintiffs alleged that a hailstorm damaged their roof, that their insurance policy covered the damage and that their insurer denied their claim after it "intentionally ignored and disregarded obvious hail damage" and weather data showing that the hailstorm occurred. *Id.*

Here, Plaintiffs should know what evidence they submitted to State Farm and how that evidence was material to its claim investigation. But the third amended complaint offers no facts about the contents of the evidence they submitted. "While specific facts are not necessary, some facts are." *Khalik*, 2012 WL 364058, at *4. And "[p]laintiffs are in the unique position to know factual elements of their claim." *Bunnell v. Am. Banks Ins. Co. of Florida*, No. 12-cv-00372-R, 2013 WL 9554564, at *2 (W.D. Okla. July 17, 2013). The third amended complaint contains no factual allegation that the unreviewed evidence "would have produced relevant information." *Shotts*, 943 F.3d at

1317. Without factual support for their allegations, Plaintiffs do not allege a plausible claim that State Farm acted in bad faith.

For these reasons, Plaintiffs' third amended complaint fails to state a plausible claim for bad faith upon which relief can be granted.

***C. Fraudulent Misrepresentation***

State Farm further argues that Plaintiffs fail to allege sufficient facts to show that State Farm knowingly or recklessly made a false material misrepresentation that Plaintiffs relied on. [ECF No. 30 at 8–10]. In response, Plaintiffs argue that their claim is based on State Farm's statements to the Oklahoma Insurance Department ("OID"). [ECF No. 29 at 7–8]. Specifically, they allege that State Farm made two false statements to the OID. First, that State Farm "does not report a fault indicator on any claims." [*Id.* at 7]. And second, that "the fault-indicator field is blank on all State Farm-submitted claims." [*Id.*].

Under Oklahoma law, to establish a cause of action for fraudulent misrepresentation, a plaintiff must prove "(1) the defendant made a material misrepresentation; (2) that it was false; (3) the defendant made the representation knowing it was false or in reckless disregard for the truth; (4) that the defendant made it with the intention that it should be acted upon by the plaintiff; (5) that the plaintiff acted in reliance upon it; and (6) that plaintiff thereby suffered injury." *Applegate v. State Farm Mut. Auto. Ins.*

*Co.*, 61 F. App'x. 552, 555 (10th Cir. 2003) (quoting *Sturgeon v. Retherford Publ'ns, Inc.*, 987 P.2s 1218, 1228 (Okla. Civ App. 1999)). Fed. R. Civ. P. 9(b) applies a heightened pleading standard when alleging fraud; it requires the party to "state with particularity the circumstances constituting fraud."

Here, Plaintiffs fail to sufficiently plead a fraudulent misrepresentation claim. They have not alleged that State Farm made any statement with the intent that Plaintiffs would rely on it. Instead, Plaintiffs allege State Farm made statements upon which it intended OID to rely. [ECF No. 29 at 8 ("[State Farm] intended the [OID] to rely on its … written representations when resolving Plaintiffs' consumer complaint.")]. To the extent Plaintiffs allege other insurers relied on State Farm's fault reporting, the fraudulent misrepresentation claim fails for the same reason: they have not alleged State Farm intended for *Plaintiffs* to rely on the statements. [*Id.* at 7–8].

Moreover, Plaintiffs fail to allege their reliance on the statements. *Jeter v. Wild West Gas, LLC*, No. 12-cv-411-JDR-JFJ, 2026 WL 174469, at *17 (N.D. Okla. Jan. 22, 2026) (citing to *Applegate*, 61 F. App'x. at 555 ("To establish reliance, a plaintiff must present some evidence that the plaintiff took (or failed to take) some step, or assumed a particular position, based upon a fraudulent statement.")). Accordingly, Plaintiffs fail to state a claim for fraudulent misrepresentation upon which relief can be granted.

***D. Fair Credit Reporting Act***

Their claim alleging a violation of the Fair Credit Reporting Act ("FCRA") fares no better. The FCRA imposes duties on persons who provide information to credit reporting agencies ("furnishers of information"). 15 U.S.C. § 1681s-2. Section 1681s-2(a) provides that these persons owe a duty to provide accurate information. Under § 1681s-2(b), they owe a duty to investigate and report incomplete or inaccurate information upon notice of a dispute. *Kafer v. Bank of America, N.A.*, No. 19-cv-00024-GKF, 2019 WL 13210383, at *4 (N.D. Okla. Aug. 13, 2019) (citing 15 U.S.C. § 1681s-2)).

Plaintiffs allege State Farm violated the FCRA by failing (1) to report accurate and complete information; (2) to correct information; and (3) to reasonably investigate their dispute. [ECF No. 29 at 9–10]. State Farm moves to dismiss the claim, arguing that FCRA § 1681s-2(b) does not provide a private cause of action when the consumer fails to notify the credit reporting agency of the dispute. [ECF No. 30 at 16–18]. Plaintiffs acknowledge that they did not provide notice to the credit reporting agency but argue that their communication with State Farm demonstrates its knowledge of incomplete reporting. [ECF No. 32 at 7–8].

Section 1681s-2(a) does not provide a private right of action against furnishers of information. *Kafer*, 2019 WL 13210383, at *4. Although they "have a duty to report accurate information to a credit reporting agency" under § 1681s-2(a), "Congress did not create a private right of action for

violations of this section…." *Id.* (quoting *Whisenant v. First Nat'l Bank & Tr. Co.*, 258 F. Supp 2.d 1312, 1316 (N.D. Okla. 2003)). Consumers have a private right of action for willful or negligent reporting of inaccurate information, but that right "is limited to claims against the credit reporting agency; it does not extend to furnishers." *Id.* (quoting *Brunson v. Provident Funding Assocs.*, 608 F. App'x 602, 611 (10th Cir. 2015)). Because State Farm is not a credit reporting agency, Plaintiffs cannot state a claim against it for violating § 1681s-2(a). *See id.* (holding plaintiff cannot state a plausible claim for a furnisher's alleged violation of § 1681s-2(a)).

Although § 1681s-2(b) provides a private right of action against furnishers of information and imposes a duty "to investigate and report incomplete and inaccurate information," this duty is not self-executing. *Id.* (citing *Willis v. Capital One Corp.*, 611 F. App'x 500, 502 (10th Cir. 2015)). Rather, the "furnisher's duty to investigate arises only after a [credit reporting agency] notifies the furnisher of a dispute." *Willis*, 611 F. App'x at 502. "A consumer cannot recover under § 1681s-2(b) if they do not initiate the process for recovery by notifying the [credit reporting agency] of the dispute." *Kafer*, 2019 WL 13210383, at *4 (quoting *Fishback v. HSBC Retail Servs. Inc.*, 944 F. Supp. 2d 1098, 1108 (D.N.M. 2013)).

Plaintiffs' FCRA claim under § 1681s-2(b) fails because they have not alleged any notice to the credit reporting agency (LexisNexis C.L.U.E. Auto)

about inaccurate or incomplete information. Plaintiffs also have not alleged that State Farm received notice of a dispute from LexisNexis C.L.U.E. Auto, triggering its duty to investigate. *See id.* (dismissing a plaintiff's FCRA claim under subsection (b) when plaintiff failed to allege that he notified a credit reporting agency or that the credit reporting agency notified the furnisher of information about the consumer's dispute). Instead, Plaintiffs allege that they notified State Farm of incomplete or inaccurate information reported to LexisNexis C.L.U.E. Auto. [ECF No. 29 at 9]. Notice from a consumer does not trigger duties under § 1681s-2(b). *Pinson v. Equifax Credit Info. Servs., Inc.*, 316 F. App'x 744, 751 (10th Cir. 2009).

For these reasons, the Court finds that Plaintiffs' fail to state claim under the FCRA for which relief can be granted. *Willis*, 611 Fed. App'x at 502 (affirming dismissal of FCRA claim under subsection (b) when plaintiff failed to allege notice to the credit reporting agency).

***E. Unjust Enrichment***

Alternatively, Plaintiffs assert a claim for unjust enrichment. [ECF No. 29 at 10–11]. Under Oklahoma law, an unjust enrichment claim requires: (1) "enrichment to the adverse party;" (2) "impoverishment to the claimant;" (3) a "connection between the enrichment and impoverishment;" (4) an "absence of justification; and" (5) an absence of legal remedies. *Quarles v. Little River Energy Co.*, No. 00-CV-913-GKF-PJC, 2008 WL 185715, at *1–*2 (N.D. Okla.

Jan. 18, 2008). Unjust enrichment is an equitable remedy, appropriate when it is "contrary to equity and good conscience for one to retain a benefit which has come to him at the expense of another." *Id.* at *1 (citing *Lapkin v. Garland Bloodworth, Inc.*, 23 O.3d 958, 961 (Okla. Civ. App. 2001)). "When the plaintiff has an adequate remedy at law, the court will not ordinarily exercise its equitable jurisdiction to grant relief for unjust enrichment." *Id.* at *2 (citing *Harvell v. Goodyear Tire & Rubber Co.*, 164 P.3d 1028, 1035 (Okla. 2006)).

Plaintiffs allege that State Farm was unjustly enriched if no policy contract provision governs State Farm's reporting. [ECF No. 29 at 10]. They contend State Farm "received and retained premiums, customer retention benefits, claim-cost savings, or market advantages" from the policy. [*Id.*]. They further allege that State Farm's reporting impaired them, because the reports impacted their ability to secure "competitive insurance coverage." [*Id.*].

Plaintiffs' unjust enrichment claim fails because the third amended complaint does not show State Farm benefited at Plaintiffs' expense. "Before a party may recover unjust enrichment, there must be enrichment to another coupled with a resulting injustice." *Tillman v. Camelot Music, Inc.*, 408 F.3d 1300, 1309 (10th Cir. 2005) (quoting *Teel v. Public Serv. Co. of Okla.*, 767 P.2d 391, 388 (Okla. 1985)). Here, Plaintiffs allege that State Farm's

reporting impaired their ability to secure competitive insurance. However, they fail to show how State Farm benefited from that alleged injustice. Unjust enrichment is not appropriate when there is no evidence that one benefited at the expense of another. *See Tillman*, 408 F.3d at 1309 (affirming dismissal of plaintiff's unjust enrichment claim when the alleged benefit did not result in an injustice to the plaintiff and an adequate remedy at law was available).

Further, Oklahoma courts generally do not "invoke their equitable jurisdiction when an adequate legal remedy is available." *Id.*; *Hydro Turf, Inc. v. International Fidelity Ins. Co.*, 91 P.3d 667, 673 (Okla. Civ. App. 2004) (holding it was not necessary for a district court to invoke its equitable jurisdiction on an unjust enrichment claim when an adequate remedy at law was available). Here, State Farm's reporting forms the basis of Plaintiffs' unjust enrichment claim. [ECF No. 29 at 10]. As previously discussed, § 1681s-2(b) of the FRCA provides a legal remedy for inaccurate or incomplete reporting. Therefore, the Court need not invoke its equitable jurisdiction over Plaintiffs' unjust enrichment claim.

For these reasons, Plaintiffs fail to state a claim for unjust enrichment and this claim will be dismissed.

***F. Declaratory Judgment***

Plaintiffs further seek declaratory judgment. The Declaratory Judgment Act provides that courts "may declare the rights and other legal relations" of a party seeking a declaration. *Wilton v. Seven Falls Co.*, 515 U.S. 277, 287 (1995) (quoting 28 U.S.C. § 2201(a)). The Act also "confer[s] on federal courts unique and substantial discretion in deciding whether to declare the rights of litigants." *Id.* "[W]hether to grant declaratory relief is a matter of the [c]ourt's discretion." *Mid-Continent Cas. Co. v. Village at Deer Creek Homeowners Ass'n. Inc.*, 685 F.3d 977, 980 (10th Cir. 2012).

Here, Plaintiffs seek declaratory judgment that (1) State Farm's fault reporting was "materially misleading" and (2) State Farm had a duty to investigate their reporting dispute under § 1681s-2(b) of the FRCA. [ECF No. 29 at 11]. State Farm argues that Plaintiffs' declaratory judgment claim should be dismissed because they fail to plead an underlying cause of action. [ECF No. 30 at 15–16].

"The Declaratory Judgement Act is not an independent cause of action." *Vanhorn v. Salvation Army*, No. 24-3126, 2026 WL 1257804, at *6 (10th Cir. May 7, 2026) (citing *Skelly Oil Co. v. Phillips Petrol. Co.*, 339 U.S. 667, 671–74 (1950)). "To obtain a declaratory judgment, a party must also assert a valid claim." *Id.* (citing *Skelly Oil*, 339 U.S. at 672)).

Plaintiffs seek a declaratory judgment for an alleged FCRA § 1681s-2(b) violation. But, as shown above, § 1681s-2(b) does not create a private cause of

action based on the facts alleged. Accordingly, the Declaratory Judgment Act does not create a private cause of action to enforce § 1681s-2(b). *See Long v. Wells Fargo Bank, N.A.*, 670 F.App'x 670, 671 (10th Cir. 2016) (affirming dismissal of declaratory judgment claim when all other claims had been dismissed).

For these reasons, Plaintiffs fail to state a claim for declaratory relief and this claim is dismissed.

**III. Conclusion**

For the reasons stated above, State Farm's motion to dismiss [ECF No. 30] is GRANTED.

Plaintiffs request leave to amend their complaint. [ECF No. 32 at 18, 22, 24]. A party may move for leave to amend its pleading under Fed. R. Civ. P. 15(a)(2), and "[t]he court should freely give leave when justice so requires." Allowing a party to amend a pleading is a matter of discretion for the trial court. *Minter v. Prime Equipment Co.*, 451 F.3d 1196, 1204 (10th Cir. 2006). A court should ordinarily grant leave to amend unless there is "a showing of undue delay, undue prejudice to the opposing party, bad faith or dilatory motive, failure to cure deficiencies by amendments previously allowed, or futility of amendment." *Bylin v. Billings*, 568 F.3d 1224, 1229 (10th Cir. 2009).

The Court finds no basis to grant leave to amend. Plaintiffs do not provide a proposed amended pleading or any proposed changes they plan to make to the complaint, nor did they file a motion to amend. *See* LCvR7-1(h) (requiring that a motion to amend be accompanied by a proposed order that sets forth a summary of proposed changes). Requests to amend a pleading are "insufficient where the plaintiffs made a bare request in their response to a motion to dismiss 'that leave be given to the Plaintiffs to amend their Complaint.'" *Calderon v. Kansas Dept. of Social and Rehab. Servs.*, 181 F.3d 1180, 1186 (10th Cir. 1999); *see also Sullivan v. University of Kansas Hosp. Auth.*, 844 F. App'x 43, 52 (10th Cir. 2021) (recognizing that district courts are not obligated to grant "perfunctory, conditional requests" for leave to amend).

Moreover, as to their FCRA claim, Plaintiffs must first show that they "initiate[d] the process for recovery by notifying a [credit reporting agency] of the dispute." *Willis*, 611 Fed. App'x at 502 (quoting *Vilar v. Equifax Info. Servs., LLC*, No. CIV 14-0226 JB/KBM, 2014 WL 7474082, at *12 (D.N.M. Dec. 17, 2014). Discovery is not necessary for Plaintiffs to determine whether they notified LexisNexis C.L.U.E. Auto. That information is within their control.

Granting leave to amend would create undue delay, when Plaintiffs have failed to cure deficiencies by amendments previously allowed. Therefore, the Court denies leave to amend.

This action is DISMISSED WITHOUT PREJUDICE. A separate judgment will enter.

DATED this 24th day of November, 2026.

Sara E. Hill
UNITED STATES DISTRICT JUDGE